TACHA, Chief Circuit Judge,
concurring in part, dissenting in part.
I concur in the majority’s opinion except for its reversal of the summary judgment for Dr. Josephson on the medical malpractice claim.
In support of his motion for summary judgment, Dr. Josephson attached an affidavit from Dr. Howard, a board-certified orthopedic surgeon who has reviewed the medical records of Mr. Fitzgerald. This affidavit avers that Dr. Josephson’s treatment of Mr. Fitzgerald was “appropriate” and within the “accepted standard of care.” The District Court concluded that Mr. Fitzgerald failed to present any evidence in his brief in opposition to summary judgment to controvert this claim. Because there was no genuine issue of material fact as to whether Dr. Josephson’s treatment failed to meet the applicable standard of care, the court granted summary judgment for Dr. Josephson on the state law medical malpractice claim.
The majority reverses the District Court’s grant of summary judgment on this claim. The majority does not, however, conclude that Mr. Fitzgerald’s brief in opposition to summary judgment in any way controverted Dr. Howard’s affidavit. Instead, the majority holds that this affidavit is “insufficient to support summary *1146 judgment as to any claims” — even in the absence of controverting evidence — because the “affidavit provided no basis for [Dr. Howard’s] conclusion that the care rendered was ‘appropriate.’ ” Maj. op. at 1143. Because Mr. Fitzgerald does not argue on appeal that Dr. Howard’s affidavit was inadmissable, this issue is not properly before this Court, and therefore I respectfully dissent.
If the issue of the admissibility of Dr. Howard’s affidavit was preserved below and raised on appeal, this Court would review the District Court’s consideration of this evidence for abuse of discretion. See Goebel v. Denver and Rio Grande Western R.R. Co., 346 F.3d 987, 990 (10th Cir.2003). Mr. Fitzgerald, however, does not raise this issue on appeal.[1] As a result, this issue — even if raised below — should be treated as abandoned on appeal. See Tran v. Trustees of State Colleges in Colorado, 355 F.3d 1263, 1266 (10th Cir.2004) (“Issues not raised in the opening brief are deemed abandoned or waived.”) (internal quotation marks omitted). Nonetheless, the majority considers this issue sua sponte without any discussion of why the traditional rule precluding consideration of issues not raised on appeal is inapplicable to this case.
In deciding this issue, the majority concludes that the affidavit has no evidentiary value with little discussion of why the affidavit is insufficient. Determining whether the conclusions drawn by an expert witness are adequately supported by fact is a complicated inquiry. As the cases cited by the majority make clear, Maj. op. at 1143, the question whether an expert’s affidavit is admissible turns on the interplay between Federal Rules of Evidence 104(a), 702, 703, and the Supreme Court’s interpretation of these rules in Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 589, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). For example, in Claar v. Burlington Northern R.R. Co., 29 F.3d 499, 500-02 (9th Cir.1994), the district court granted the defendant’s motion for summary judgment on the ground that the physicians’ affidavits submitted in support of the plaintiff were inadmissable because they failed to state the basis on which the experts drew their conclusions. In affirming, the Ninth Circuit concluded that, although the affidavits could not have been found inadmissible under Rule 703, the Supreme Court’s decision in Daubert made clear that the affidavits were properly excluded under Rule 702. Id. The majority, however, concludes that Dr. Howard’s affidavit is insufficient without expressly holding that, in light of Daubert and the Federal Rules of Evidence, the District Court abused its discretion in considering this expert testimony.
Mr. Fitzgerald does not challenge the admissibility of Dr. Howard’s affidavit on appeal. As such, I would not reach the issue of whether the affidavit was sufficient as a matter of law. Furthermore, the majority concludes that the District Court erred in considering the affidavit without applying our normal abuse-of-discretion review. I respectfully dissent.

. Mr. Fitzgerald’s sole argument for reversing the District Court's grant of summary judgment on the medical malpractice claim is that the facts pleaded in his complaint are sufficient to create a genuine issue of material fact. Because it is well-settled that a plaintiff cannot rely on the facts pleaded in his complaint in opposing summary judgment, see Applied Genetics Int’l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990), I would not reverse the District Court's grant of summary judgment on this basis.